## Case No. 13,162.

### In re SOHOO.

[3 N. B. R. 215 (Quarto, 52).] [1]

District Court, E. D. Missouri. 1869.

BANKRUPTCY—DISCHARGE—ACT OF BANKRUPTCY—FRAUDULENT SUSPENSION.

1. If the court, upon examining the record upon an application for a final discharge, perceives that the bankrupt has done any act which under the statute would be a bar to the granting of a certificate, it will refuse to make the order for a discharge, although no creditors appear in opposition. A decree or judgment of the court during the progress of the cause, determining that the bankrupt has done any act which would prevent the discharge, will operate as an estoppel. In some cases the party may be allowed to explain an act, and to show that while it was fraudulent in law it was not so in intent.

2. If a debtor is guilty of fraudulently suspending the payment of his commercial paper, proceedings may be immediately taken by his creditors to have him adjudged a bankrupt without waiting for the lapse of fourteen days. The bankrupt act [of 1867], § 39 [14 Stat. 536], provides for two classes of cases—a fraudulent suspension, and a suspension of payment for fourteen days without resumption—for either of which a merchant or trader may be adjudged a bankrupt.

[Cited in Baldwin v. Wilder, Case No. 806; Re Hercules Mut. Life Assur. Soc. Id. 6,402.]

A petition in involuntary bankruptcy was filed by creditors, alleging that the debtor, "being a merchant, had fraudulently suspended payment of his commercial paper, and had not resumed within fourteen days." The debtor appeared and confessed the charge, and a decree was passed adjudging him a bankrupt, upon which he filed his schedules and surrendered his property, and complied with all the provisions of the statute. Upon an application for a final discharge, the register reported him entitled thereto, no creditors appearing in opposition, but the court, upon examining the record, decided that he had been guilty of a fraud upon the act, and could not be discharged. The bankrupt filed his petition for a re-hearing, based upon a fidavits, stating, that in confessing the act of bankruptcy, he had not supposed himself to be doing anything more than confessing that he had stopped payment of his commercial

1 [Reprinted by permission.]

paper for fourteen days, and was unable to resume, and that he did not intend to admit that he had been guilty of any actual or intentional fraud. The court granted the motion for re-hearing, and the creditor being called to the stand testified, that he did not know of any fraud committed by the bankrupt in his suspension, except the non-resumption within fourteen days, and that he had made the proof under the advice of counsel, supposing that the non-resumption within the time limited was a fraudulent suspension.

TREAT, District Judge. The act, section 39, provides for two classes of cases: First, the fraudulent suspension by a merchant or trader of the payment of his commercial paper; and second, the suspension of payment for fourteen days without resumption. In the former case the debtor is supposed to be guilty of suspending fraudulently, with a fraudulent intent, and proceedings may be immediately commenced to have him adjudged a bankrupt without waiting for the fourteen days to elapse, for if that time was granted him he might complete his fraudulent act, and remove his property beyond the jurisdiction of the court. In the latter case, if he is unable to resume payment of his commercial paper within the fourteen days, the law considers the merchant insolvent, and declares him a bankrupt. In this case, as it appears that no fraud was intended by the bankrupt, and the creditor testifies that the only fraud known to him is the mere non-payment of the debtor's commercial paper, the discharge will be granted.